FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 21 P 4: 01
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BILLY NELSON HAMMOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 112-027 |
| ) | |
| SHERYL B. JOLLY, Judge of the Superior ) | |
| Court of Richmond County, Augusta ) | |
| Judicial Circuit, PETER D. JOHNSON, ) | |
| Attorney, ANN M. VICKERY, Acting ) | |
| Public Defender, MICHELLE WRIGHT, ) | |
| Augusta Judicial Circuit Head Prosecutor, ) | |
| HANK SYMS, Assistant Prosecutor, ) | |
| REX MYERS, Assistant Prosecutor, and ) | |
| GRANT USRY, Assistant Prosecutor, ) | |
| in their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Hays State Prison in Trion, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Hammock v. Nash, CV 311-242 (W.D.N.C. Aug. 23, 2011) (dismissing case for failure to state a claim); (2) Hammock v. Neller, CV 109-161 (S.D. Ga. Feb. 17, 2011) (dismissing case for failure to state a claim); and (3) Hammock v. Downie, CV 110-135 (S.D. Ga. Feb. 16, 2010) (dismissing case for failure to state a claim). As Plaintiff filed a complaint that was dismissed for failing to state a claim in each of the cases cited above,

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

B.   **Plaintiff Does Not Qualify for the "Imminent Danger" Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's complaint[2] instead concerns his fantastic allegations that several prosecutors, public defenders, a Richmond County judge, and various other individuals are engaged in a vast conspiracy, the objects of which include forging a psychological assessment, coercing his guilty plea, illegally taxing his prison account, interfering with his defense attorney's $10,000 settlement offer, preventing him from receiving prison mail, and causing prison guards to shut off the water to his toilet for several days. (See generally doc. nos. 1, 3.)

Nowhere, however, does Plaintiff allege that he was harmed in any way as a result of any of the alleged conduct, much less that it placed him in imminent danger. Plaintiff's allegations are therefore plainly insufficient to show any imminent danger of serious physical

---

[2]Plaintiff has filed both a form complaint (doc. no. 1), as well as a document entitled "Defendant Peter D. Johnson Memorandum and My Change of Plea Within 2008RCCR1449" (doc. no. 3), in which he continues many of the allegations raised in his form complaint. For ease of reference, the Court will refer to these documents collectively as Plaintiff's "complaint."

3

injury at the time he filed the instant complaint. See Joiner v. Mason, No. 209-CV-243, 2011 U.S. Dist. LEXIS 55580, at *11 (M.D. Ala. May 23, 2011) (noting that plaintiff had been allowed to proceed only with claims that met imminent danger exception); Lester v. Burnside, No. 5:09-CV-412, 2009 U.S. Dist. LEXIS 123822, at *3 n.1 (M.D. Ga. Dec. 28, 2009) (allowing plaintiff subject to three strikes rule to proceed IFP with regard to claims that met imminent danger exception but not with respect to other claims that failed to qualify for that exception). As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 20th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE